IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JAMES B. WILSON,

    Plaintiff;

Case No.: _____

v.

PINELLAS COUNTY;

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JAMES B. WILSON ("Mr. Wilson"), by and through undersigned counsel, files this action against Defendant PINELLAS COUNTY, and states as follows:

1. Mr. Wilson has not been paid according to the Fair Labor Standards Act ("FLSA") and seeks to recover damages from Pinellas County.

2. Mr. Wilson was hired by Pinellas County in 1989 and since 1999 worked at Fort De Soto Park in Pinellas County as an on-site employee and was on-call duty 24 hours a day, 7 days a week.

3. Pinellas County is a political subdivision of the State of Florida.

4. Mr. Wilson worked in an hourly capacity for Pinellas County and performed related, non-exempt activities for Pinellas County in Pinellas County, Florida.

5. Jurisdiction and venue are proper in this Court because the acts giving rise to this lawsuit arise under federal law occurred in Pinellas County, Florida.

SLK_TAM:#3142563v1

**EXHIBIT 1**

6. Mr. Wilson is seeking damages in excess of $15,000.00, not including attorneys' fees and costs.

7. Pinellas County was and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

8. Mr. Wilson was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Pinellas County was Mr. Wilson's "employer" within the meaning of the FLSA.

10. Mr. Wilson's duties included working at Fort De Soto Park in Pinellas County and he maintained the same duties at Fort De Soto Park 24/7 since being assigned to that Park in 1999.

11. Pinellas County closely supervised Mr. Wilson.

12. Mr. Wilson worked at Fort De Soto Park in excess of forty (40) hours per week.

13. Pinellas County failed to pay Mr. Wilson full and proper overtime compensation for all hours worked over forty (40) hours per week.

14. Mr. Wilson should have been compensated at the rate of one and one-half times Mr. Wilson' regular rate for all hours that Mr. Wilson worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

15. Pinellas County also failed to maintain proper time records as mandated by the FLSA.

16. Mr. Wilson is not subject to any exemptions under the FLSA.

17. Prior to violating the FLSA, Pinellas County did not consult with an attorney to evaluate whether Mr. Wilson's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

18. Prior to violating the FLSA, Pinellas County did not consult with the Department of Labor to evaluate whether Mr. Wilson's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

19. In part, based on the allegations in Paragraphs 6-18 above, Mr. Wilson is entitled to liquidated damages as Pinellas County has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

20. As a result of Pinellas County's intentional, willful, and unlawful acts in refusing to pay Mr. Wilson time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Mr. Wilson has suffered damages plus incurred reasonable attorneys' fees and costs.

21. As a result of Pinellas County's willful violation of the FLSA, Mr. Wilson is also entitled to liquidated damages.

22. Mr. Wilson has retained the law firm of SHUMAKER, LOOP & KENDRICK, LLP to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

**WHEREFORE**, Mr. Wilson respectfully requests that judgment be entered in his favor against Pinellas County, and that this Court:

    a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Mr. Wilson overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Mr. Wilson liquidated damages in an amount equal to the overtime award;

   d. Award Mr. Wilson reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Award Mr. Wilson pre judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Mr. Wilson demands trial by jury on all issues so triable as a matter of right by jury.

DATED December 16, 2019

            Respectfully Submitted,

            */s/ Robert R. Warchola*
            Robert R. Warchola, Esq.
            Florida Bar No. 0517038
            SHUMAKER, LOOP & KENDRICK, LLP
            101 East Kennedy Boulevard
            Suite 2800
            Tampa, Florida 33602
            Phone: (813) 229-7600 / Fax: (813) 229-1660
            rwarchola@shumaker.com