UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES B. WILSON,

    Plaintiff,

v.                                                                   Case No: 8:20-cv-135-TPB-SPF

PINELLAS COUNTY,
a political subdivision of the State
of Florida,

    Defendant.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

This matter is before the Court on "Pinellas County's Dispositive Motion for Summary Judgment and Memorandum of Law," filed on July 7, 2021. (Doc. 28). Plaintiff filed a response in opposition on August 3, 2021. (Doc. 34). Having reviewed the motion, response, file, and record, the Court finds as follows:

**<u>Background</u>**

From 2016 to 2019, Plaintiff James Wilson worked as a Park Supervisor for Defendant Pinellas County overseeing Fort Desoto Park. In that role, he supervised from seventeen to twenty employees. Plaintiff was scheduled to work eighty hours every two weeks and was paid every two weeks. He was also required to be on call and available to respond during certain periods of time outside his regularly scheduled eighty hours. Defendant provided Plaintiff with a house on the park premises free of rent so that he could respond to emergencies.

Plaintiff claims he is entitled to overtime pay under the Fair Labor Standards Act ("FLSA") not only for hours he actually worked outside of his scheduled eighty hours but also for time spent on call. Plaintiff filed suit seeking compensation for unpaid overtime, an equal amount in liquidated damages, interest, and attorney's fees. Defendant moves for summary judgment, arguing that Plaintiff was a bona fide executive employee and therefore exempt from the FLSA requirement of overtime pay. Defendant also argues that Plaintiff is not entitled to be paid for time spent on call as opposed to actively working.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations and evidence, the nonmoving party's evidence is presumed to be true and all reasonable

inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Where the moving party will bear the burden of proof at trial, demonstrating the absence of a genuine issue of material fact requires the submission of credible evidence that, if not controverted at trial, would entitle the moving party to a directed verdict. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Only if the moving party meets that burden is the non-moving party required to produce evidence in opposition. *Chanel, Inc. v. Italian Activewear of Fla. Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). Summary judgment should be denied unless, on the record evidence presented, a reasonable jury could not return a verdict for the non-moving party. *Id.*; *see also Fitzpatrick*, 2 F.3d at 1115-16.

## Analysis

Defendant's motion for summary judgment presents two overarching issues. First, Defendant argues that Plaintiff was a bona fide executive employee and as such exempt from the FLSA's overtime requirements. If Defendant's argument on this point prevails, it would dispose of the entire case. Second, Defendant argues that Plaintiff cannot recover compensation for time spent on call but not actively working.

### *Exempt Employee*

The FLSA requires that employees be paid for overtime at one and one-half times their regular rate, but exempts individuals "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 207(a)(1), 29 U.S.C.

§ 213(a)(1). This exemption is narrowly construed against the employer, who bears the burden of proving the employee falls within the exemption. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1269 (11th Cir. 2008); *Jeffery*, 64 F.3d at 594.

To meet its burden on the exemption, an employer must demonstrate that the employee: (1) was paid on a salary basis more than $455 per week, (2) customarily directed the work of two or more employees, (3) was primarily engaged of management of the enterprise or of a customarily recognized department or subdivision of the enterprise, and (4) could hire or fire employees or his or her recommendations regarding such matters were given "particular weight." *See* 29 C.F.R. § 541.100(a) (2019)[1]; *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625-26 (11th Cir. 2004) (adopting the regulation's "salary/duties" framework for the exemption).

Defendant argues that all four criteria are met here. Plaintiff does not dispute that Defendant paid him more than $455 per week, that he supervised more than two employees, or that he managed a recognized department or subdivision of the County's operations. He argues only that he was not paid on a salary basis and that his recommendations regarding employee hiring and firing were not given particular weight.

### Salary Basis

Whether Defendant paid Plaintiff on a "salary basis" as opposed to hourly turns on whether all or some portion of Plaintiff's pay was guaranteed regardless of

---

[1] The regulation was amended effective January 1, 2020 to increase the minimum applicable weekly salary to $684.

the quantity or quality of the work performed.  *See Hogan*, 361 F.3d at 625-26; *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1340 (11th Cir. 1994); *Altman v. Sterling Caterers, Inc.*, 879 F. Supp 2d 1375, 1381 (S.D. Fla. 2012).  Under Defendant's personnel rules, "classified" employees were entitled to overtime, "classified-excluded" employees were eligible for overtime if approved by Defendant, and "exempt" employees were not eligible for overtime.  While Defendant contends that it categorized Plaintiff's position as "classified/excluded," the computer printouts it has submitted in support of its motion are not completely clear on this point.  They do appear to show that Defendant consistently paid Plaintiff the same minimum amount every two weeks, even for periods where he worked less than eighty hours, and this supports the proposition that Plaintiff was paid on a salary basis.  Defendant, however, has provided no testimony explaining the various entries in these records.

Plaintiff points out that one of the Defendant's documents shows Plaintiff's hourly rate, which tends to support Plaintiff's argument that he was paid hourly. Plaintiff also has submitted a declaration stating that Defendant required him to fill out timesheets.  He states that if he worked less than eighty hours, he would be paid only for the hours he worked, although he points to no instances in which this situation occurred.  While Defendant appears to have the better case on this issue, the Court concludes that the evidence presents an issue of fact as to whether Plaintiff was paid on a salary basis.

<u>Personnel Decisions</u>

Defendant also argues that Plaintiff's recommendations regarding hiring and firing of employees were entitled to particular weight. Defendant argues that, as the senior employee at the park, Plaintiff would be in the best position to know about the job performance and misconduct of the employees he supervised. His input into such matters therefore would necessarily be entitled to weight. Plaintiff's declaration, on the other hand, states that he did not have the sole power to hire or fire employees and that, while he could recommend termination of an employee, his recommendations "were not relied upon by Pinellas County." The record presents no clear evidence of any instance in which Plaintiff's hiring or firing recommendations were or were not followed by Defendant. In his deposition Plaintiff testified that during the relevant time frame potential employees for the park were interviewed by rangers at Defendant's Parks and Conservation Resources office in Largo. The Court concludes that this factor also presents an issue of fact.

Considering the record evidence as to the basis on which Defendant paid Plaintiff and as to Plaintiff's input into personnel decisions, the Court concludes that Defendant's summary judgment motion based on the executive employee exemption must be denied.

*On-Call Time*

Plaintiff claims he is entitled to overtime pay not only for time actually worked beyond his scheduled eighty hours per two-week period but also for time

when he was on call and required to monitor a radio, 911 pager, and cell phone. Defendant argues that Plaintiff is not entitled to pay for on-call time.

In determining whether on-call time is covered by the FLSA, courts look to "'the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances.'" *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 808 (11th Cir. 1992) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944)). Whether the employee is to be considered working during on-call time "depends on the degree to which the employee may use the time for personal activities." *Id*. 807. The fact that an employee's on-call duties impact or limit his activities to some extent is insufficient to support a claim for compensation. *See Caizza v. Marceno*, No. 2:18-cv-FtM-38MRM, 2020 WL 5892019, at *4 (M.D. Fla. October 5, 2020) ("Courts must be careful to distinguish between work schedules that are unenviable and even 'perhaps oppressive,' and those preventing an employee from using on-call time for their benefit") (quoting *Birdwell*, 970 F.2d at 809). For an employee's on-call time to be considered work time for purposes of the FLSA, the employee's free time must be "severely restricted." *Birdwell*, 970 F.2d at 810. The burden is on the employee to present evidence sufficient to support a finding that his on-call time was working. *See id*. at 808. Whether a particular set of facts gives rise to a right to compensation under the FLSA is a question of law for the Court. *Id*. at 807; *Llorca v. Sheriff, Collier Cty.*, 893 F.3d 1319, 1324 (11th Cir. 2018).

Defendant argues that Plaintiff could engage in personal activities during on-call time when not called in to work. Plaintiff responds that his on-call duties were "restrictive" and "severe," but the record does not support this characterization. Plaintiff was required to carry a 911 pager and a cell phone. He was also required to monitor a hand-held radio with a range of fifty miles from the park. He had to refrain from alcohol and respond to calls promptly and in uniform. These duties no doubt impacted some activities, but that is not sufficient to avoid summary judgment. *See, e.g., Caizza*, 2020 WL 5892019, at *3 (holding that restrictions that limited certain activities were "not severe enough to transform [the plaintiff's] on-call time into work time"). There is no evidence that the frequency of calls or pages, or the need to monitor the radio, or any of Plaintiff's other on-call duties prevented him from engaging in personal activities such as household chores, exercising, shopping, dining out, entertaining, or visiting friends.

Therefore, the "undisputed facts afford no basis for a finding that the employee's on-call time was working time" for purposes of the FLSA. *See Birdwell*, 970 F.2d at 808-810 (holding that detectives were not entitled to compensation for on-call period in which they could not leave home without leaving a forwarding number or taking a beeper, and could not participate in outdoor activities, leave town, go on vacation, take time off, or drink alcohol) (internal quotation omitted); *Caizza*, 2020 WL 5892019, at *4-5 (granting summary judgment for employer despite "geographic and temporal limitations which eliminated some activities like going to a movie theater or certain stores"); *Hollar v. Central Ohio Trauma Sys.*, No.

2:18-cv-617, 2020 WL 3470393, at *5-6 (S.D. Ohio Apr. 15, 2020) (granting summary judgment where employees' on-call duties required them to respond to calls within five to ten minutes and to have accessible a laptop and radio with limited range, preventing them from leaving the state or engaging in activities such as going to movies); *Lurvey v. Metro. Dade Cty.*, 870 F. Supp. 1570, 1579-83 (S.D. Fla. 1994) (granting summary judgment where employees' on-call duties required them to remain at home and promptly respond to calls, but they could engage in activities such as reading, watching television and spending time with their families).[2] Defendant's motion for summary judgment is granted as to Plaintiff's claim for compensation for on-call time.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Pinellas County's Dispositive Motion for Summary Judgment and Memorandum of Law" (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**.

(2) The motion is **GRANTED** with respect to Plaintiff's claim for compensation for time spent on call.

(3) The motion is otherwise **DENIED.**

---

[2] Defendant points to the parties' lease agreement, under which Defendant allowed Plaintiff to live in a house on park premises free of charge in exchange for Plaintiff's making himself available to respond to emergencies. The lease agreement, however, does not address compensation for on-call time and therefore does not affect the Court's analysis.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of November, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**